UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| **Joseph Reho III,** | ) | **CASE NO. 1: 20 CR 775** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## Introduction

This matter is before the Court upon Petitioner Joseph Reho III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 41). Petitioner, proceeding *pro se*, challenges the jurisdiction of this Court in the underlying criminal action. For the following reasons, the motion is DENIED.

## Facts

1

On May 13, 2021, Petitioner pled guilty to one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i). As part of the plea agreement, Petitioner agreed to the following:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal rights conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant agrees to withdraw Defendant's Motion to Suppress (R. 18) and waives the right to appeal or collaterally attack his conviction based on any issues contained in that motion. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 32 at 95–96). Petitioner was sentenced to 60 months' imprisonment, the statutory minimum penalty for the offense. Petitioner did not appeal. Petitioner now brings this motion under 28 U.S.C. § 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

### Analysis

Petitioner raises three grounds: (1) the Court lacked personal and subject matter jurisdiction over the firearm offense because it is not enumerated in the Constitution; (2) the Court lacked jurisdiction to hear a criminal case because the Court is located in a state; and (3) the government lacked standing to prosecute him because it suffered no "injury in fact" from his alleged offense. The government argues that Petitioner waived his right to bring such arguments in a collateral attack due to the waiver in his plea agreement.

**(1) Ground 1: Subject-Matter Jurisdiction and Personal Jurisdiction**

The Court agrees with Petitioner that he did not waive his right to challenge this Court's subject-matter jurisdiction. "Subject matter jurisdiction is not subject to waiver and to that extent, [defendant's] claim is reviewable on collateral attack." *Brown v. U.S.,* 2020 WL 5604037 (E.D.Tenn. Sept. 18, 2020) (citing *Short v. U.S.,* 471 F.3d 686 (6th Cir. 2006)). *See also United States v. Brice*, 373 Fed. App'x 561, 562 (2010) (citations and quotation omitted) (An appellate waiver does not reach a defendant's subject-matter jurisdiction argument because such an argument "may be raised at any time, and is non-waivable."); *United States v. Abdulmutallab*, 739 F.3d 891, 905 (6th Cir. 2014) (reaching merits of Commerce Clause challenge to 18 U.S.C. § 924(c) despite existence of appellate waiver).

3

Petitioner argues that this Court lacked subject-matter jurisdiction to hear his case because "the Framers did not enumerate the 'precise subject-matter' for nationwide federal 'police power' application and enforcement." (Doc. 41-1 at 176). He also argues that the Commerce Clause does not justify congressional authority to regulate firearms.

*Brice* and *Abdulmutallab* require the Court to construe the Commerce Clause argument as a challenge to the constitutionality of the offenses to which Petitioner pled guilty, namely Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i), and the predicate drug trafficking offense, 21 U.S.C. § 841(a)(1). The Sixth Circuit has held that Commerce Clause constitutional challenges to 18 U.S.C. § 924(c) are subject to as-applied constitutional analysis rather than analyzing the statute in general. *United States v. Abdulmutallab*, 739 F.3d 891, 905 (6th Cir. 2014). "An as-applied challenge consists of a challenge to the statute's application with respect to the party before the court." *Id.*

In pleading guilty to Possessing a Firearm in Furtherance of a Drug Trafficking Crime, Petitioner agreed that he "committed a drug trafficking crime, as charged, which may be prosecuted in a court of the United States" and that he "knowingly possessed a firearm . . . in furtherance of the crime, as charged." (Doc. 32 at 93). He also agreed to the factual basis:

> On or about May 11, 2020, in the Northern District of Ohio, Eastern Division, Defendant JOSEPH REHO, III did knowingly possess a firearm, to wit: a Taurus, Model: PT 709 (Slim), 9mm pistol, bearing serial number TJUO7466, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). During a traffic stop, law enforcement recovered seven grams of methamphetamine packaged for sale, a digital scale, and a firearm in a secret compartment of the driver's side door.

(*Id*. at 97). Thus, Petitioner admitted that his underlying conduct violated both the drug trafficking statute and the firearm statute.

Having admitted to violating the statutes, the only remaining question is whether those statutes were properly enacted under Congress's Commerce Clause authority. The drug trafficking crime plainly satisfies the Commerce Clause. *See United States v. Ledbetter* 2015 WL 4941812, at *5 (S.D. Ohio Aug. 20, 2015) ("Drug trafficking is an 'economic enterprise" that substantially affects interstate commerce in numerous clear ways."). Likewise, the firearms statute has been upheld against Commerce Clause challenge, particularly where the underlying offense is in furtherance of a drug trafficking crime. *United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995); *see also United States v. Gilliam*, 2022 WL 571540, at *2 (W.D. Mo. Feb. 3, 2022) (recognizing that a conviction involving both 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) was constitutional because both statutes had individually been held as permissible exercises of Congress's Commerce Clause authority).

This Court has subject-matter jurisdiction to enforce validly enacted federal statutes. *See United States v. Marrero*, 2014 WL 12717737, at *2 (W.D. Mich. Dec. 30, 2014) ("Federal district courts have exclusive subject-matter jurisdiction, the authority to adjudicate a matter, over all violations of the laws of the United States.") (citing 18 U.S.C. § 3231; *United States v. Titterington*, 374 F.3d 453, 458–59 (6th Cir. 2004)); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). Because Petitioner admitted to engaging in conduct that violated both statutes, and because both statutes are generally permissible exercises of congressional authority under the Commerce Clause, Petitioner's challenge to this Court's subject-matter jurisdiction fails.

5

Petitioner's challenge to this Court's personal jurisdiction over him was waived when he entered the guilty plea. "Unlike subject matter jurisdiction, lack of personal jurisdiction is waived by the defendant's failure to raise the issue prior to trial." *United States v. Richard*, 2000 WL 875370, at *2 (6th Cir. 2000) (citing Fed. R. Crim. P. 12(b); *United States v. Chambers*, 944 F.2d 1253, 1259–60 (6th Cir. 1991) ("[L]ack of personal jurisdiction is a waivable defect.").

**(2) Ground 2: Territorial Jurisdiction**

Petitioner argues that "when located, and sitting, within a State, inferior Article III courts cannot be conferred with jurisdiction over criminal cases." (Doc. 41-1 at 187). He asserts that "criminal jurisdiction of the federal government is in general based on the territorial principle . . . and that criminal 'laws of Congress,' therefore, do not extend into the territorial limits of the states . . . . but only within an area constitutionally defined in Art. I, § 8, cl.17 . . . ."

The Sixth Circuit has referred to such arguments as "frivolous." *United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir. 2001). *See also United States v. Bryson*, 14 Fed. App'x 316, 317 (6th Cir. 2001) ("Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise that jurisdiction."); *United States v. Casey*, 2005 WL 2114059, at *2 (W.D. Tenn. Aug. 30, 2005) ("[T]he Sixth Circuit has flatly rejected [such] challenges to the jurisdiction of the federal courts over violations of federal criminal statutes . . . .").

The Court concludes that Petitioner's territorial jurisdiction argument is meritless.

**(3) Ground 3: Standing**

Petitioner argues that the government lacked standing to prosecute him because it suffered no "injury in fact" from his possession of a firearm in furtherance of a drug trafficking crime. Although the Court finds that Petitioner did not waive this argument, it fails on the merits.

Petitioner maintains that the government could not have been injured where there was no "precise subject-matter for enforcement by the Federal 'police power' within the states . . . ." (Doc. 41-1 at 194). The Court has already concluded that Congress had authority to criminalize the charged conduct and that it has subject-matter jurisdiction. Moreover, the government has standing to pursue a criminal action, because an injury to the government arises "from violation of its law (which suffices to support a criminal lawsuit by the Government) . . . ." *Vermont Agency of Nat. Res. v. United States ex rel Stevens*, 529 U.S. 765, 771 (2000); *see also Rice v. Farley*, 2014 WL 2441260, at *3 (E.D. Ky. May 30, 2014) ("[T]here is no doubt whatsoever that the United States ha[s] standing to pursue a criminal action . . . .").

**Conclusion**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/22/22